UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CR-538-MAL-JSD |
| | ) | |
| JIMMIE MOOREHEAD, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR PRETRIAL DETENTION AND HEARING**

COMES NOW the United States of America (the "Government"), by and through Thomas C. Albus, United States Attorney, and Amy E. Sestric, Assistant United States Attorney, for the Eastern District of Missouri, and hereby moves the Court to order Defendant Jimmie Moorehead ("Defendant") detained pending trial, and requests that a detention hearing be held within three days of Defendant's initial appearance, pursuant to Title 18, United States Code, Section 3142(f)(2). In support of this motion, the Government states as follows:

**INTRODUCTION**

1. Defendant is charged with conspiracy to make false statement related to health care matters and with eight counts of making false statements related to health care matters. 18 U.S.C. §§ 371, 1035. Because of Defendant's history of defying court-imposed requirements (including probation revocations) and violence with law enforcement officers (including at least one arrest for resisting arrest and several incidents regarding assaults of law enforcement officers), as well as the strength of the evidence, the case involves a serious risk that Defendant will flee. Further, there is no condition or combination of conditions that will reasonably assure his future appearance

or assure the safety of any other person and the community, and Defendant should be detained pending trial.

**LEGAL STANDARD**

2. Under the Bail Reform Act, a defendant must be detained where—as here—two conditions are met: (1) the case involves a serious risk of a defendant's flight, and (2) no conditions can reasonably assure the defendant's appearance or the safety of the community. *See* 18 U.S.C. § 3142(f)(2)(A) ("The judicial officer shall hold a [detention] hearing . . . in a case that involves -- a serious risk that such person will flee[.]"); 18 U.S.C. § 3142(e)(1) (the "judicial officer shall order the detention of the person . . . [i]f, after a [detention] hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of any other person and the community").

3. As the Eighth Circuit has made clear, in determining whether these two conditions are met, this Court need not conduct a "rigid two-step inquiry." *United States v. Cook*, 87 F.4th 920, 924 (8th Cir. 2023). Rather, this Court "permissibly conduct[s] the two inquiries in a single detention hearing," in part, because "the two inquires, while not identical, substantially overlap." *Id.* Indeed, the Eighth Circuit has recognized that "the § 3142(g) factors . . . are relevant both to determining whether [the] Defendant presents a serious risk of flight and [whether] there are conditions of release that will reasonably assure Defendant's appearance." *Id.* (quoting *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015)).

**ARGUMENT**

4. As explained below, there is a serious risk that Defendant will flee if not detained pending trial, and there is no condition or combination of conditions that will reasonably assure his appearance.

5. Defendant has a lengthy and violent criminal history, has no known stable employment, and has a history of arrests and convictions related to assaulting law enforcement officers, resisting arrest, and violating court orders, including probation conditions. The overwhelming strength of the evidence against Defendant also heightens his flight risk.

6. Defendant's history includes thwarting law enforcement, weighing heavily in favor of finding a serious risk that he will flee. Defendant's criminal history includes several arrests and at least one guilty plea to assaulting a law enforcement officer. Additionally, in 2005, Defendant was arrested for resisting arrest.

7. Additionally, Defendant's history includes violating conditions of court-supervised release, demonstrating that he is unlikely to abide by any conditions imposed by the Court here, to include appearing as required. Following a 2004 conviction for first degree tampering with a motor vehicle, Defendant's probation was revoked in 2006, and then again in 2008. Defendant's disregard for court-imposed requirements is also evidenced by his 2008 conviction for failure to pay child support.

8. In addition to having the ability to flee, Defendant has an incentive to flee based on the strength of the evidence against him. *See* 18 U.S.C. § 3142(g)(2). The evidence that Defendant fraudulently represented that he needed and obtained home health care services that he never received is overwhelming. This includes, but is not limited to, many hours of surveillance footage of Defendant's residence demonstrating that personal care attendants never arrived to provide services. Moreover, the surveillance footage shows Defendant doing activities, such as lifting heavy equipment, that he claimed he could not do in order to convince state officials that he needed home health care services. The evidence further clearly shows that Defendant financially benefitted from the conspiracy; mobile app data unequivocally shows that payments went from the

owner of the home health care company, to Defendant's co-conspirator and domestic partner (co-defendant Johnika Davis), and then directly to Defendant.

9. Further, Defendant's history and characteristics necessitate his detention. *See* 18 U.S.C. § 3142(g)(3).

10. Defendant is a danger to the community. His lengthy criminal history, which goes all the way back to the 1990s, includes, among other things, a 2013 conviction for second degree burglary, a 2012 arrest for second degree domestic assault, a 2008 conviction for tampering with a motor vehicle in the first degree, and numerous other arrests pertaining to domestic violence, tampering with motor vehicles, stealing, and assaults.

11. Additionally, despite Defendant's status as a felon, loaded firearms were found at his residence on the date of his arrest for the instant offenses, October 28, 2025. According to the United States Marshals Service, a semi-automatic shot gun and a nine-millimeter pistol were located in between the mattresses on Defendant's side of the bed (in that the nightstand next to that side of the bed held Defendant's wallet and a prescription bottle with his name on it). Both firearms were loaded. Also near Defendant's side of the bed was a bulletproof vest, 18 U.S.C. § 391, and skeleton mask.

12. In sum, the totality of the relevant factors set forth in Section 3142(g) demonstrate that Defendant presents a serious flight risk and that there is no condition or combination of conditions that will reasonably assure his appearance in the future and/or the safety of the community.

WHEREFORE, the Government requests that the Court hold a detention hearing within three days of Defendant's initial appearance and, following such hearing, order that Defendant be detained pending trial.

Respectfully submitted,

THOMAS C. ALBUS
UNITED STATES ATTORNEY

*<u>/s/ Amy E. Sestric</u>*
Amy E. Sestric, #66219MO
ASSISTANT UNITED STATES ATTORNEY
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all Counsel of Record.

*/s/ Amy E. Sestric*
Amy E. Sestric
Assistant United States Attorney